FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 DEC 18 AM 10: 19

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHEAL A. BRIGHT,                 )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )          Case No.  CV415-145
                                   )
CORIZON HEALTH                     )
CORPORATION, *et al.*              )
                                   )
    Defendants.                   )

## ORDER

Inmate Micheal (not Michael) A. Bright, proceeding *pro se*, brings this 42 U.S.C. § 1983 lawsuit over the medical care he received inside the Chatham County, Georgia jail. Doc. 1 at 5. While there, he says, he "was given medication by a nurse employee of Corizon Health, Inc. (nurse Simmons) that was the direct cause of my heart flatlining 3 (three) times and having me hospitalized for 17 (seventeen) day[s]. . . ." *Id.* Bright "hold[s] the employer . . . responsible for nearly taking my life away from me!" *Id.* He seeks $3 million. *Id.* at 6.

There are Michael (not Micheal) A. Bright lawsuits on this Court's

1

docket. Attached are pre-digital-docket[1] sheets for *Bright v. Chatham Cnty Jail*, MC497-045, doc. 6 (S.D. Ga. June 9, 1997) (case dismissed); *Bright v. Savannah Police Dept.*, CV495-080, doc. 7 (S.D. Ga. May 17, 1995) (dismissing civil rights case as "legally frivolous"); and *Bright v. Chatham County Sheriff*, CV495-074, doc. 35 (S.D. Ga. Mar. 25, 1996) (summary judgment to defendant, plaintiff's case dismissed).

In this lawsuit *Micheal* A. Bright used a standard § 1983 form complaint. Question 1(B) asked him, "[w]hile incarcerated in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" Doc. 1 at 2. Bright checked "no." *Id.* Question 1(C) asked whether he suffered any dismissals in IFP actions "on the ground that [such were] frivolous, malicious, or failed to state a claim?" He checked "no" again. *Id.* at 3.

The veracity of these answers are especially significant because serial filers who seek IFP status face the three-strikes rule of 28 U.S.C. § 1915(g), as illuminated in *Owens v. Morales*, 2015 WL 5040245 at * 1 (S.D.

---

[1] In 1998 the Court digitized its filings (years later, this enabled E-filing). Prior year filings thus cannot be accessed without expensively retrieving them from the Federal Records Center. Short of that, one can gather what occurred in non-digitized cases by reading only the docket entries within them. Those entries summarize rulings made within court decisions. That is the case for the pre-1998 cases noted here.

Ga. Aug. 25, 2015) and *Williams v. Freesemann*, 2015 WL 6798946 at * 1

(S.D. Ga. Oct. 15, 2015). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on *3 or more prior occasions*, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Bright's incentive to omit his prior case information is strong
because of the § 1915(g) three-strike bar. If he is the same Michael A.
Bright as the litigant who brought those cases, then it would also support
the reasonable inference that he changed the spelling of his first name to
thwart the Court's § 1915(g) detection efforts (binary computer systems
can omit prior cases if a name is off by just one letter).

A warning to Bright: Lying manipulation is *not* tolerated here.
*Willis v. Brown*, CV412-209, 2012 WL 6016834 at * 1 (S.D. Ga. Dec. 23,
2012) ("Charles Anthony Willis, a 1915(g) three-striker, has once again
lied to a judicial tribunal. Accordingly, his case should be dismissed for
abusing the judicial process."), *adopted*, 2012 WL 6553919 (S.D. Ga. Dec.

3

12, 2012), *aff'd*, CV412-209, doc. 39 at 6 (11th Cir. July 30, 2013) ("[T]he District Court did not abuse its discretion when it dismissed Mr. Willis's complaint as a sanction for violating Rule 11 's prohibition against filing false pleadings.").[2]

The Court therefore **ORDERS** Bright to show cause why this case should not be dismissed for lying to this Court. *See Shelton v. Rohrs*, 2010 WL 5122580 at * 1 (11th Cir. Dec. 15, 2010) (upholding dismissal for misleading the court and noting that "[e]ven if Shelton did not have access to his materials, he would have known that he filed multiple previous lawsuits"); *McClain v. Nelson*, 2011 WL 675030 at * 2 (S.D. Ga. Feb. 3, 2011), *adopted*, 2011 WL 674894 (S.D. Ga. Feb. 17, 2011).[3]

---

[2] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

3 This is a well-traveled road:

> The district court in *Hines v. Thomas* also uncovered, *inter alia*, prior case concealment, and that figured into that court's ruling that the plaintiff had engaged in "conduct that courts have deemed abusive, and for which, courts have imposed the double sanction dismissing the action without prejudice and counting the dismissal as a strike on the ground of being malicious." 604 Fed.Appx. 796, 798 (11th Cir. 2015). The *Hines* appellate panel did not disagree with that misconduct assessment but ruled that the district court went too far. Id. at 800 (with prejudice dismissal of prisoner's case was an abuse of discretion,

If Bright insists that *another* Michael A. Bright filed those prior cases, then he must declare that under penalty of perjury. Hence, he must return, within 21 days of the date this Order is served, his Show Cause Declaration (using the attached Statement form). On it he must clearly print his full name, especially his first name, and confirm whether he has used different forms of it (and if so, what they were) in the past. Finally, he must (as he has usefully done with his latest Complaint, doc. 1 at 1 & 7) furnish his inmate number next to his signature, and do so in any future cases or appeals that he may file.

**SO ORDERED**, this 18th day of December, 2015.

_F R Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

lesser sanction to be considered on remand, where inmate was "certainly negligent in failing to inform the court of his litigation history, [but] his actions as a whole d[id] not present a clear record of willful misconduct."). Even at that, a "without prejudice" dismissal likely would not have been reversed. *Id.* ("Had the dismissal truly been without prejudice to re-filing, the district court likely would not have abused its discretion in dismissing the action.").

*Owens v. Morales*, 2015 WL 5040245 at * 2 (S.D. Ga. Aug. 25, 2015); *see also id.* at * 3 (the Court "gave Owens 21 days to complete a 'Show Cause Statement,' under penalty of perjury, why this case should not be dismissed without prejudice (and fetch a § 1915(g) strike) for misleading, if not deliberately lying to, this Court."); *id.* (in response, he moved to voluntarily dismiss his case, and this Court granted it).

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHEAL A. BRIGHT,                 )
                                   )
    Plaintiff,               )
                                   )
v.                                 )    Case No.  CV415-145
                                   )
CORIZON HEALTH                     )
CORPORATION, *et al.*              )
                                   )
    Defendants.              )

## MICHEAL A. BRIGHT'S SHOW CAUSE DECLARATION

**MY COMPLETE LEGAL NAME IS (PRINT CLEARLY):**

_____

_____

**OTHER NAMES I HAVE USED IN THE PAST, INCLUDING ANY ALIASES (PRINT
CLEARLY):**

_____

_____

_____

_____

**MY PREVIOUS LAWSUITS (CAPTION OF CASE, INCLUDING CASE NUMBER
AND COURT(S) IN WHICH EACH CASE WAS FILED) (PRINT CLEARLY):**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I AM SHOWING CAUSE WHY THIS LAWSUIT SHOULDNOT BE DISMISSED (PRINT CLEARLY):**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 201__.**

Cross out the wrong spelling:      Micheal A. Bright

Cross out the wrong spelling:      Michael A. Bright

CLOSED,FRC

# U.S. District Court
## Southern District of Georgia (Savannah)
## CIVIL DOCKET FOR CASE #: 4:97-mc-00045-BAE
### Internal Use Only

Bright v. Chatham County Jail, et al         Date Filed: 04/15/1997
Assigned to: Judge B. Avant Edenfield      Date Terminated: 06/09/1997
Demand: $0                                    Nature of Suit: 0 zero
                                                   Jurisdiction: 0

**Plaintiff**

**Michael A. Bright**            represented by    **Michael A. Bright**
                                              9401 Dunwoody Drive
                                              Savannah, GA 31406
                                              PRO SE

V.

**Defendant**

**Chatham County Jail**

**Defendant**

**Gary R. Blake**

**Defendant**

**Officer Martha Lucas**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/1997 |  | CASE assigned to Judge B. Avant Edenfield (nmt) (Entered: 04/17/1997) |
| 04/15/1997 |  | CASE REFERRED to Magistrate Judge G. R. Smith (nmt) (Entered: 04/17/1997) |
| 04/15/1997 | 1 | AFFIDAVIT by Michael A. Bright Re: IFP (nmt) (Entered: 04/17/1997) |
| 04/21/1997 | 2 | ORDER directing Plaintiff to advise the Court as to whether or not he wishes to proceed pursuant to PRLA ( signed by Magistrate Judge G. R. Smith ); copies served. (lsg) (Entered: 04/21/1997) |
| 05/07/1997 | 3 | MOTION by Michael A. Bright for dismissal (nmt) (Entered: 05/07/1997) |
| 05/15/1997 | 4 | REPORT AND RECOMMENDATIONS of Magistrate Judge G. R. Smith recommending that plaintiff's case be dismissed. Case no longer referred to Magistrate Judge G. R. Smith Objections to R and R due by 6/2/97 (dks) (Entered: 05/16/1997) |
|  |  |  |

| 05/15/1997 | 5 | ORDER directing Clerk to serve copies of R/R upon plaintiff and counsel for the defendant ( signed by Magistrate Judge G. R. Smith ); copies served. (dks) (Entered: 05/16/1997) |
| 06/09/1997 | 6 | ORDER adopting Magistrate's R & R as the opinion of this Court; case is DISMISSED. ( signed by Judge B. Avant Edenfield ); copies served. (lsc) (Entered: 06/09/1997) |
| 06/09/1997 |   | Case closed (lsc) (Entered: 06/09/1997) |
| 07/31/2000 |   | Record transferred to the FRC. Group #021, Accession # 00 0542, Box # 3 of 5, Location # 4-010-85-4-9 (bcw) Modified on 6/27/2007 (Hill, Mary Anne). (Entered: 07/31/2000) |

CLOSED,FRC

# U.S. District Court
## Southern District of Georgia (Savannah)
## CIVIL DOCKET FOR CASE #: 4:95-cv-00080-BAE
## Internal Use Only

Bright v. Savannah Police Dept, et al
Assigned to: Judge B. Avant Edenfield
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/11/1995
Date Terminated: 05/17/1995
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**Michael Anthony Bright**

represented by **Michael Anthony Bright**
EF-344352
Post Office Box 7150
Garden City, Ga 31418
PRO SE

V.

**Defendant**

**Savannah Police Department**

**Defendant**

**David Gellatly**
*Chief of Police*

**Defendant**

**Officer Kendricks**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/1995 | 1 | AFFIDAVIT by Michael Anthony Bright Re: In Forma Pauperis (lsc) (Entered: 04/11/1995) |
| 04/11/1995 | 2 | ORDER granting [1-1] affidavit for in forma pauperis ( signed by Magistrate Judge G. R. Smith ); copies served. (lsc) (Entered: 04/11/1995) |
| 04/11/1995 | 3 | COMPLAINT filed nunc pro tunc 04/10/95 (lsc) (Entered: 04/11/1995) |
| 04/11/1995 | | CASE REFERRED to Magistrate Judge G. R. Smith (lsc) (Entered: 04/11/1995) |
| 04/21/1995 | 4 | REPORT AND RECOMMENDATIONS of Magistrate Judge G. R. Smith recommends action be dismissed as legally frivolous. Case no longer referred to |

| | | Magistrate G.R. Smith. Objections to R and R due by 5/1/95 (dks) (Entered: 04/24/1995) |
|---|---|---|
| 04/21/1995 | 5 | ORDER serving copy of R/R on plaintiff by Clerk of Court with objections filed with Clerk not later than May 8, 1995. ( signed by Magistrate Judge G. R. Smith ); copies served. (dks) (Entered: 04/24/1995) |
| 05/17/1995 | 6 | ORDER adopting Magistrate's R&R as opinion of the Court; case is dismissed. ( signed by Chief Judge B. Avant Edenfield ); copies served. (lsc) (Entered: 05/17/1995) |
| 05/17/1995 | 7 | JUDGMENT adopting Magistrate's R & R as opinion of the court for Savannah Police Dept, David Gellatly, Kendricks against Michael Anthony Bright (); copies served. (lsc) (Entered: 05/17/1995) |
| 05/17/1995 | | Case closed (lsc) (Entered: 05/17/1995) |
| 05/22/1995 | 8 | OBJECTION by plaintiff Michael Anthony Bright to [7-1] judgment order, [6-1] order (nmt) (Entered: 05/24/1995) |
| 09/17/1996 | | Record transferred to the FRC. Group #021, Accession # 96-0593, Box # 69 of 70, Location # 5-001-00-3-9 (slt) Modified on 4/3/2009 (mah). (Entered: 09/17/1996) |

CLOSED,FRC

# U.S. District Court
## Southern District of Georgia (Savannah)
## CIVIL DOCKET FOR CASE #: 4:95-cv-00074-BAE-GRS
### Internal Use Only

Bright v. Chatham County Sheri, et al
Assigned to: Judge B. Avant Edenfield
Referred to: Magistrate Judge G. R. Smith
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/03/1995
Date Terminated: 03/25/1996
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**Michael Anthony Bright**                   represented by **Michael Anthony Bright**
                                                             EF344352
                                                             Valdosta Correctional Institution
                                                             P.O. Box 310
                                                             Valdosta, GA 31603-0310
                                                             PRO SE

V.

**Defendant**

**Ricky Mikells**                            represented by **Emily E. Garrard**
                                                             Chatham County Attorney's Office
                                                             P.O. Box 8161
                                                             Savannah, GA 31412-8161
                                                             912-652-7881
                                                             Fax: 912-652-7887
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Thomas J. Mahoney , Jr.**
                                                             Ranitz, Mahoney & Mahoney, PC
                                                             P.O. Box 786
                                                             Savannah, GA 31402
                                                             912-233-7961
                                                             Fax: 912-236-0288
                                                             Email: tmahoneyjr@ranitzlaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 04/03/1995 | | CASE REFERRED to Magistrate Judge G. R. Smith (nmt) (Entered: 04/04/1995) |
|---|---|---|
| 04/03/1995 | 1 | MOTION by Michael Anthony Bright to Proceed in Forma Pauperis nunc pro tunc 3-23-95 (nmt) (Entered: 04/04/1995) |
| 04/03/1995 | 2 | ORDER granting [1-1] motion to Proceed in Forma Pauperis. Directing Clerk to serve deft Ricky Mikells only. ( signed by Magistrate Judge G. R. Smith ); copies served. (nmt) Modified on 04/04/1995 (Entered: 04/04/1995) |
| 04/03/1995 | 3 | COMPLAINT nunc pro tunc 3-23-95 (nmt) (Entered: 04/04/1995) |
| 04/20/1995 | 4 | WAIVER OF SERVICE Returned Executed as to Ricky Mikells 4/17/95 Answer due on 6/16/95 for Ricky Mikells (lsg) (Entered: 04/20/1995) |
| 06/14/1995 | 5 | ANSWER to Complaint by Ricky Mikells (Attorney Thomas J. Mahoney Jr., Emily Elizabeth Garrard), (lsg) (Entered: 06/15/1995) |
| 06/14/1995 | 6 | ANSWER to Local Rule 8.6 Interrogatories by Ricky Mikells (lsg) (Entered: 06/15/1995) |
| 06/14/1995 | 7 | CERTIFICATE pursuant to Local Rule 1.6. by defendant Ricky Mikells (lsg) (Entered: 06/15/1995) |
| 06/14/1995 | | SCHEDULING NOTICE setting Summary Judgment deadline on 11/11/95 ; Joining of parties,amending of pleadings by 8/13/95 ; Motion Filing deadline on 11/1/95 ; Discovery cutoff 10/12/95 ; Status Report due on 9/12/95 ; copies served. (lsc) (Entered: 07/26/1995) |
| 07/03/1995 | 8 | MOTION by Ricky Mikells for order authorizing affidavit of Tidelands Employee, Erma Lee with brief in support. (dks) (Entered: 07/05/1995) |
| 07/25/1995 | 9 | ORDER granting [8-1] motion for order authorizing affidavit of Tidelands Employee, Erma Lee ( signed by Magistrate Judge G. R. Smith ); copies served. (lsc) (Entered: 07/25/1995) |
| 08/01/1995 | 10 | MOTION by Ricky Mikells to Compel discovery with brief in support. (dks) (Entered: 08/01/1995) |
| 08/29/1995 | 11 | ORDER granting [10-1] motion to Compel discovery ( signed by Magistrate Judge G. R. Smith ) Pl is Ordered to serve discovery responses w/i 10 days; copies served. (lsg) (Entered: 08/29/1995) |
| 09/12/1995 | 12 | MOTION by Ricky Mikells to Dismiss Complaint with brief in support. (lsc) (Entered: 09/13/1995) |
| 09/12/1995 | 13 | MEMORANDUM by Ricky Mikells in support of [12-1] motion to Dismiss Complaint by Ricky Mikells (lsc) (Entered: 09/13/1995) |
| 09/12/1995 | 14 | UNILATERAL STATUS REPORT by dft Ricky Mikells (lsc) (Entered: 09/13/1995) |
| 09/12/1995 | 15 | RESPONSE TO ORDER by plaintiff Michael Anthony Bright in reference to [11-1] order (dks) (Entered: 09/14/1995) |
| 09/15/1995 | 16 | |

| | | ORDER directing pltf to respond to dft's interrogatories and request for production, set Discovery deadline to 10/15/95 ( signed by Magistrate Judge G. R. Smith ); copies served. (lsc) (Entered: 09/15/1995) |
|---|---|---|
| 09/28/1995 | 17 | ANSWER to Local Rule 8.6 Interrogatories by Michael Anthony Bright (dks) (Entered: 10/05/1995) |
| 10/04/1995 | 18 | ORDER directing dft to advise court of intentions regarding dft's motion to dismiss, set Notice of Compliance deadline to 10/14/95 ( signed by Magistrate Judge G. R. Smith ); copies served. (lsc) Modified on 10/05/1995 (Entered: 10/05/1995) |
| 10/11/1995 | 18 | AMENDED MOTION by Ricky Mikells to Dismiss referring to [12-1] motion to Dismiss Complaint by Ricky Mikells (lsg) (Entered: 10/11/1995) |
| 10/16/1995 | 19 | MOTION by Michael Anthony Bright for Protective Order with brief in support. (nmt) Modified on 10/16/1995 (Entered: 10/16/1995) |
| 10/27/1995 | 20 | RESPONSE by Ricky Mikells to [19-1] motion for Protective Order by Michael Anthony Bright (dks) (Entered: 10/27/1995) |
| 10/31/1995 | 21 | ORDER denying [19-1] motion for Protective Order ( signed by Magistrate Judge G. R. Smith ); copies served. (bcw) (Entered: 10/31/1995) |
| 11/07/1995 | 22 | MOTION by Ricky Mikells for Summary Judgment with brief in support. (dks) (Entered: 11/08/1995) |
| 11/07/1995 | 23 | MEMORANDUM by Ricky Mikells in support of [22-1] motion for Summary Judgment by Ricky Mikells (dks) (Entered: 11/08/1995) |
| 11/07/1995 | 24 | STATEMENT OF MATERIAL FACTS by defendant Ricky Mikells in support of [22-1] motion for Summary Judgment by Ricky Mikells (dks) (Entered: 11/08/1995) |
| 11/07/1995 | | NOTICE issued re: [22-1] motion for Summary Judgment (dks) (Entered: 11/08/1995) |
| 11/08/1995 | 25 | MOTION by Michael Anthony Bright for Summary Judgment with brief in support. (dks) (Entered: 11/09/1995) |
| 11/08/1995 | 26 | RESPONSE TO ORDER by plaintiff Michael Anthony Bright in reference to [21-1] order (dks) (Entered: 11/09/1995) |
| 11/13/1995 | 27 | RESPONSE by Ricky Mikells to [25-1] motion for Summary Judgment by Michael Anthony Bright (dks) (Entered: 11/13/1995) |
| 11/16/1995 | 28 | REPORT AND RECOMMENDATIONS of Magistrate Judge G. R. Smith to deny Re: [25-1] motion for Summary Judgment; Motion no longer referred; copies served. Objections to R and R due by 12/4/95 (nmt) (Entered: 11/17/1995) |
| 11/16/1995 | 29 | ORDER that R/R be served upon pltf and cnsl for deft. ( signed by Magistrate Judge G. R. Smith ); copies served. (nmt) (Entered: 11/17/1995) |
| 11/17/1995 | 30 | RESPONSE by Michael Anthony Bright to [22-1] motion for Summary Judgment by Ricky Mikells (lsc) (Entered: 11/22/1995) |

| | | |
|---|---|---|
| 11/27/1995 | 31 | OBJECTION by Michael Anthony Bright to [28-1] report and recommendations (dks) (Entered: 11/27/1995) |
| 12/06/1995 | 32 | ORDER adopting the Magistrate's R/R and denying [25-1] motion for Summary Judgment ( signed by Chief Judge B. Avant Edenfield ); copies served. (bcw) (Entered: 12/06/1995) |
| 03/01/1996 | 33 | DEFENDANT'S UNILATERAL PROPOSED PRETRIAL ORDER (dks) Modified on 03/01/1996 (Entered: 03/01/1996) |
| 03/14/1996 | | Notice of change of address by Michael Bright, new address: P.O. Box 310 Valdosta, GA 31603 (bcw) (Entered: 03/14/1996) |
| 03/25/1996 | 34 | ORDER granting [22-1] motion for Summary Judgment ( signed by Chief Judge B. Avant Edenfield ); copies served. (dks) (Entered: 03/25/1996) |
| 03/25/1996 | 35 | JUDGMENT for Ricky Mikells against Michael Anthony Bright, case is dismissed with prejudice; copies served. (dks) (Entered: 03/25/1996) |
| 03/25/1996 | | Case closed (dks) (Entered: 03/25/1996) |
| 07/10/1998 | | Record transfered to the FRC. Group #021, Accession # 98-0111, Box # 36, Location #1-005-55-7-1(jgb) Modified on 9/18/2008 (mah). (Entered: 07/10/1998) |